IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FRANCIS FORD,
          Petitioner

v.

WARDEN FMC ROCHESTER,[1]
          Respondent

No. 3:24-CV-1499

(Judge Munley)

## MEMORANDUM

Petitioner Francis Ford initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He alleges that the Federal Bureau of Prisons (BOP) is illegally requiring him to make excessively high restitution payments under the Inmate Financial Responsibility Program (IFRP). For the following reasons, the court will dismiss Ford's Section 2241 petition.

## I. BACKGROUND

Ford is currently serving a 63-month sentence imposed by the United States District Court for the Eastern District of Virginia for conspiracy to commit

---

[1] When Ford filed the instant petition, he was incarcerated at FCI Schuylkill and named the warden of that facility ("Warden Rickard") as Respondent. (See Doc. 1 at 1). Ford has since been transferred to FMC Rochester. The court will therefore substitute the appropriate Respondent in this case. See 28 U.S.C. § 2242; Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) (noting that, in federal habeas proceedings, proper respondent is "the person who has custody over [the petitioner]" (alteration in original)); Barry v. Bergen Cnty. Probation Dep't, 128 F.3d 152, 162 (3d Cir. 1997) (citing Braden v. 30th Jud. Cir. Crt. of Ky., 410 U.S. 484, 494-95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.")).

Hobbs Act robbery. (See Doc. 19-2 at 2 ¶ 3). His current projected release date, via good conduct time, is June 5, 2027. (See id.; Doc. 19-3 at 2).

Ford lodged the instant Section 2241 petition in September 2024 while incarcerated at FCI Schuylkill in Minersville, Pennsylvania. (See generally Doc. 1). He alleges that the BOP illegally increased his restitution payments under the IFRP in contravention of his initial IFRP agreement and his sentencing order. (See id. at 1, 6-7; see also Doc. 9 at 1). Specifically, he asserts that he initially agreed to an IFRP payment of $25 per quarter (or approximately $8.33 per month), and that the BOP, "without consent []or reason," improperly increased this payment to $100 per month. (See Doc. 9 at 1).

Respondent timely responded to the Section 2241 petition. (See generally Doc. 19). Ford did not file a traverse and the time for doing so has passed. Ford's Section 2241 petition, therefore, is ripe for disposition.

## II.   DISCUSSION

The thrust of Ford's argument is that the BOP illegally established a restitution schedule under the IFRP that compels Ford to make monthly restitution payments during his incarceration, in contravention of his sentencing order. Respondent counters that Ford failed to exhaust administrative remedies and that, even if he had exhausted those remedies, his claim fails on the merits. The court will take these arguments in turn.

A.  **Exhaustion of Administrative Remedies**

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists

3

purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

Ford plainly failed to exhaust administrative remedies. Initially, instead of seeking relief through the administrative remedy process, Ford appears to have filed a claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-80. (See Doc. 1 at 4-5). That claim was denied. (See id. at 5). However, exhaustion through filing an FTCA claim with the BOP and receiving a right-to-sue letter allows Ford to bring a *civil liability* action in federal court against the United States, not a habeas corpus action. (See id. ("If you are dissatisfied with this decision, you may bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this letter.")); 28 U.S.C. § 2675(a) (requiring administrative exhaustion with "appropriate Federal Agency" before bringing a tort action under FTCA against the United States).

4

Ford subsequently filed an administrative remedy (# 1206348-F1) regarding his IFRP payments—the proper avenue for administrative exhaustion of this claim. (See Doc. 1 at 3; Doc. 19-4 at 3). After receiving the initial response from the Warden, Ford did not appeal to the Regional Director or to the General Counsel. (See Doc. 19-4 at 3). Thus, he failed to exhaust this claim under the BOP's administrative remedy process. See Woodford v. Ngo, 548 U.S. 81, 90 (2006) (explaining that proper administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)" (citation omitted)).

Ford does not address his failure to administratively exhaust his IFRP claims. Nor does he contend that exhaustion would be futile or that an exception to administrative exhaustion applies. Accordingly, his claims are unexhausted and his petition must be dismissed. Moscato, 98 F.3d at 761-62.

### B.   IFRP Claims

Assuming, for the sake of argument, that Ford exhausted his habeas claims or somehow qualifies for an exception to the exhaustion doctrine, his claims are nonetheless meritless.

The gravamen of Ford's petition is that he is being compelled to make restitution payments under the IFRP during his incarceration—at amounts set by the BOP rather than the sentencing court—when his sentencing order does not

5

mandate payments to begin until 60 days after his release from custody. (See Doc. 1 at 6; Doc. 9 at 1; Doc. 19-5 ¶¶ 5-7). Ford argues that this is "illegal" and violates the nondelegation provision found in the Mandatory Victims Restitution Act of 1996 (MVRA). (Doc. 1 at 1; Doc. 9 at 1).

Under the Mandatory Victims Restitution Act of 1996 (MVRA), 18 U.S.C. §§ 3663A-3664 (1996), the district court must specify "the manner in which, and the schedule according to which, the restitution is to be paid[.]" 18 U.S.C. § 3664(f)(2); United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999). In fixing this schedule, "the court must consider the financial resources, projected earnings and other income, and financial obligations of the defendant," United States v. Johnson, 66 F. App'x 320, 322 (3d Cir. 2003) (nonprecedential) (citing 18 U.S.C. § 3664(f)(2)(A)-(C)), and can order the defendant to provide "a single lump-sum payment, periodic payments, or, if the defendant is indigent, nominal periodic payments." Id. (citing 18 U.S.C. § 3664(f)(3)(A)-(B); Coates, 178 F.3d at 683). The restitution schedule, however, must be set by the sentencing court and is nondelegable. Coates, 178 F.3d at 685; 18 U.S.C. § 3664(f)(2).

In Ford's case, the sentencing court did not illegally delegate the duty to establish a restitution schedule to the BOP. Rather, the restitution order—signed by Ford and his attorney—indicates that "restitution is due in full and payable immediately from assets known and unknown[.]" (Doc. 19-5 ¶ 5). It then

6

provides that "[i]f restitution is not paid in full immediately," Ford "shall pay . . . at least $50 per month or 25 percent of net income, whichever is greater, beginning 60 days after release from any period of confinement[.]" (Id. ¶ 7). Finally, the sentencing court encourages, *but does not order*, Ford to participate in the IFRP and comply with its requirements. (Id. ¶ 6).

The sentencing court's decision to make Ford's restitution due in full and payable immediately was well within that court's discretion. See 18 U.S.C. § 3664(f)(3)(A) ("A restitution order may direct the defendant to make a single, lump-sum payment, partial payments at specified intervals, in-kind payments, or a combination of payments at specified intervals and in-kind payments."). To the extent that Ford seeks to challenge the validity of the restitution order itself, "such a challenge should have been made upon direct appeal." Duronio v. Werlinger, 454 F. App'x 71, 73 n.3 (3d Cir. 2011) (nonprecedential).

If the BOP were *forcing* Ford to make IFRP installment payments during his incarceration based on its own calculations, he may have a valid claim that such payments conflict with his restitution order. But this is not what is happening. Rather, Ford's participation in the Inmate Financial Responsibility Program is "strictly voluntary." Jordan v. Holt, 488 F. App'x 587, 588 (3d Cir. 2012) (nonprecedential) (citing James v. Quinlan, 866 F.2d 627, 631 (3d Cir. 1989); United States v. Boyd, 608 F.3d 331, 334 (7th Cir. 2010)). Ford may choose not

to participate in this program if he does not want to make restitution payments until 60 days after his release. Ford, in fact, was voluntarily participating in the IFRP without complaint until his payments were increased from $25 per quarter to $300 per quarter based on his inmate trust fund account balance.

Moreover, Ford's assertion that the "sanctions" flowing from refusal to participate in the IFRP amount to being compelled to make restitution payments under the IFRP, (see Doc. 1 at 6-7; Doc. 9 at 1), is unavailing. This argument has been rejected—explicitly and implicitly—by the United States Court of Appeals for the Third Circuit, albeit in nonprecedential decisions. See Solomon v. United States, 680 F. App'x 123, 126 (3d Cir. 2017) (nonprecedential) (noting that consequences found in 28 C.F.R. § 545.11(d) for refusing to participate in IFRP "amount to the loss of *privileges*, not the imposition of hardships upon non-participating inmates" (emphasis added) (quoting Driggers v. Cruz, 740 F.3d 333, 338 (5th Cir. 2014)); Jordan, 488 F. App'x at 588 ("Prisoners are not entitled, constitutionally or otherwise, 'to any of the benefits agreeing to participate in the IFRP would provide, such as a work detail outside the prison perimeter, a higher commissary spending limit, a release gratuity, or pay beyond the maintenance pay level.' " (quoting United States v. Lemoine, 546 F.3d 1042, 1049 (9th Cir. 2008))); Pinet v. Grondolsky, 345 F. App'x 805, 806, 807 (3d Cir. 2009) (nonprecedential) (rejecting inmate's argument that "despite the BOP's

characterization of the IFRP as a voluntary program," refusal to participate results in the loss of benefits and thus renders participation involuntary).

In sum, the sentencing court did not impermissibly delegate the duty to establish a restitution schedule to the BOP, and Ford's participation in the IFRP is voluntary—not compelled. Accordingly, even if the court were to consider the merits of Ford's Section 2241 petition, it would be denied. Ford, however, failed to exhaust administrative remedies, and thus the claims in his petition are unreviewable.

## III. CONCLUSION

Based on the foregoing, the court will dismiss Ford's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

Date: 2/19/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court